**Kathleen MILLER, Rod Miller, husband of Kathleen Miller, Plaintiffs–Appellants,**

v.

**SCOTTSDALE INSURANCE COMPANY, Defendant–Appellee.**

No. 04–11660.

United States Court of Appeals, Eleventh Circuit.

July 27, 2006.

Charles P. Schropp, Raymond T. Elligett, Jr., Schropp, Buell & Elligett, P.A., H. Vance Smith, Smith, Clark, Delesie, Bierley, Mueller & Kadyk, Tampa, FL, for Plaintiffs–Appellants.

Anthony J. Russo, Butler, Pappas, Weihmuller, Katz, Craig, LLP, Lisa A. Oonk, Litchfield Cavo, Julie K. Narhi, Phelps Dunbar, Tampa, FL, for Defendant–Appellee.

Before EDMONDSON, Chief Judge, and TJOFLAT and KRAVITCH, Circuit Judges.

**PER CURIAM:**

This case returns to us after we certified a question to the Florida Supreme Court regarding the interpretation of § 627.848, Fla. Stat. (2002). The question we certified read: "Whether § 627.848, Fla. Stat. (2002) contemplates a single date of cancellation for the insurance contract as a whole or whether the contract can be cancelled as to different insureds at different times depending on when a statutorily required notice is given to that insured?" *Miller v. Scottsdale Ins. Co.*, 410 F.3d 678, 681–82 (11th Cir.2005) (per curiam).[1]

The Florida Supreme Court answered that "the plain language of section 627.848, Florida Statutes (2002), contemplates a single cancellation date for the insurance policy as a whole" and that "all statutory, regulatory, or contractual requirements for cancellation must be satisfied before a policy may be canceled." *Miller v. Scottsdale Ins. Co.*, 932 So.2d 1028 (Fla.2006). Here, the district court construed the statute to allow for two different cancellation dates, one of which occurred before the insurer, Scottsdale Insurance, complied with all contractual requirements for cancellation and granted summary judgment in favor of the insurer. *Miller*, 410 F.3d at 679. This ruling plainly conflicts with the Florida Supreme Court's answer to our certified question. Therefore, we *reverse* the district court and *remand* for further proceedings consistent with the Florida Supreme Court's decision.

---

1. The facts are set out in our initial opinion. *Miller,* 410 F.3d at 678–79.